No. 907                                                    No. 908

TABLER v. OHIO STATE MORTGAGE CO. _____ _____ BENNETT v. OBERLIN BAKERIES CO.

Ohio Appeals, 8th District, Cuyahoga County
No. 4633. Decided Nov. 12, 1923

Ohio Appeals, 9th District, Lorain County
No. 247. Decided Oct. 4, 1923

## 107. CONTRACTS.

Judgments accepting one of two conflicting theories of contract, not against weight of evidence, will not be reviewed.

## 387. WORDS.

"Unliquidated" claims as applied to services rendered defined.

## 67. BROKERS.

Real estate commission is unliquidated claim until custom to pay certain percentage is proved.

SAYRE, J.
Epitomized Opinion

Action by Tabler to recover as his commission 4% of the sale price of property sold by Tabler for the Co. The Co. contended that Tabler was to have 4% if he sold the property for $16,000. The property was in fact sold for $15,750. The Co. sent Tabler a check for $510 on which was written— "settlement in full for all commission," and there was a receipt on the back of the check. Tabler cashed the check, but erased the receipt and this suit is to recover a claimed balance of $120. At the trial in the Cleveland Municipal Court, both Tabler and the Co. offered evidence in support of their theories of the contract. The trial court found that the contract pleaded by the Co. was true and rendered judgment for it. In affirming the judgment the Court of Appeals held:

1. The court is bound by the finding of the trial court, since that finding is not manifestly against the weight of the evidence. The case must therefor be decided on the Co.'s theory of the contract.

2. A claim is unliquidated when it has not been ascertained or settled by agreement of the parties or fixed by operation of law. When a party has a claim for services and he is entitled to recover what his services are reasonably worth, the amount is unliquidated.

3. It may be that it is customary in Cleveland and vicinity to pay 4% commission on sales of real estate where no specific amount is fixed by the contract, but it is necessary to offer evidence in the case and establish that fact before a party suing under such circumstances can recover.

Attorneys—D. M. Baker, for Tabler; B. C. Boer and Bartholomew, Leeper & McGill, for Mortgage Co., all of Cleveland.

## 203. PARTNERSHIP.

Suit by one partner against the firm on a partnership note denied.

## 55A. BILLS AND NOTES.

Alteration of partnership note payee after being signed, from bank to member of firm, is material alteration.

FUNK, J.

Epitomized Opinion

Action on cognovit note. The judgment on motion of defendant was suspended and an answer was filed. Plaintiff then filed an amended petition alleging defendant to be a partnership composed of plaintiff and six other persons; that the note was for a consideration delivered to plaintiff executed in the name of the partnership by one of the six other partners; that the payee was a bank; that when plaintiff presented the note to the bank to be endorsed to him without recourse the bank altered the note by changing the name of the payee to plaintiff's name.

The amended petition further declared that there was due plaintiffs from defendants because of the above facts the sum of $350 with interest, etc., for which plaintiff asked judgment. A motion by defendant to strike out and to compel plaintiff to amend was sustained and on plaintiff's refusal to amend the lower court dismissed the action; to which plaintiff excepted and brought error proceedings to this court. Held:

Since the transcript of the docket and journal entries does not show the ground on which the lower court dismissed the action, this court assumes it to be that the petition did not state a cause of action. Without deciding whether plaintiff had the right to amend the petition changing the cause of action from one on the note to one for consideration such as for money had and received or otherwise, the judgment of the court is affirmed for the following reasons: In Ohio a suit against a partnership must be brought against all the partners jointly; a note given by the partnership to one of the partners cannot be sued on by that partner against the partnership in a court of law for the reason that the payee must appear both as plaintiff and defendant and recover a judgment in his own favor against himself. Further, plaintiff has no cause of action on the note because of the material alteration after it was signed.

Attorneys—Rudin & Keech, Elyria, for plaintiff; C. R. Summers, Oberlin, for defendant.